·Alberto **HERNANDEZ–NUNEZ**,
Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 23058.

United States Court of Appeals
Ninth Circuit.

Jan. 31, 1969.

Louis W. Barassi, Tucson, Ariz., for appellant.

Jo Ann Diamos, Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and *THOMPSON, District Judge.

PER CURIAM:

The indictment under which appellant was convicted charged that on or about January 9, 1968, he and Silverio Amarillas-Gomez did receive, conceal, and facilitate the transportation and sale of approximately fifteen pounds of marihuana two miles north of Nogales, Arizona, on United States Highway 89, "after the same had been imported" into the United States from Mexico contrary to law, "and when" appellant and Silverio Amarillas-Gomez "knew the same had been imported" contrary to law, in violation of 21 U.S.C. § 176a.

The government offered evidence from which the jury could have found that on the evening of January 8, 1968, appellant and Silverio Amarillas-Gomez met with a government undercover agent and agreed to sell the agent marihuana which was to be obtained from Mexico by Silverio Amarillas-Gomez and delivered to the agent at the location alleged; and that Silverio Aramillas-Gomez then went to Mexico, returned with the marihuana, and delivered it to the agent shortly after midnight on January 9, as agreed.

Appellant's argument is that the government's evidence established that his participation preceded the importation of the marihuana, and therefore failed to establish an offense by appellant occurring "after the [marihuana] had been imported" and at a time when appellant "knew the same had been imported," as alleged in the indictment.

█ The indictment alleges that both of the defendants committed the offense described. The government's evidence was sufficient to establish a common scheme and concert of action between them to commit that offense. Since appellant was also responsible for the acts of Silverio Amarillas-Gomez in furtherance of the illegal scheme (Hernandez v. United States, 300 F.2d 114, 122 (9th Cir. 1962)), it was unnecessary for the government to show that he personally participated in every step in its execution. This is true though the indictment did not charge a conspiracy. United States v. Jones, 374 F.2d 414, 418 (2d Cir. 1967). There was therefore no variance between the allegations of the indictment and the government's proof.

█ The government was not required to separately allege the particular part played in the commission of the offense by each of the jointly charged defendants. We have frequently upheld indictments framed substantially in the language of the statute. Had appellant been in doubt as to whether the government intended to show that his personal participation followed rather than preceded the actual importation of the marihuana, he could have requested a bill of particulars to clarify the latent ambiguity. Significantly, appellant makes no claim that he was misled or prejudiced in any way by the form of the charge. Hopkins v. United States, 405 F.2d 770 (9th Cir. 1969).

█ The government did not rely upon the possession of the marihuana by appellant's co-defendant to raise a presumption of appellant's knowledge of the illegal importation. *Cf.* Hernandez v. United States, supra. It rested instead upon direct proof that appellant participated in a plan to illegally import, deliver, and finally sell the marihuana to the government agent, and upon the reasonable inference that appellant knew that the marihuana delivered and sold in accordance with the scheme was the marihuana illegally imported in accordance with that scheme.

Affirmed.

---

* Honorable BRUCE R. THOMPSON, District of Nevada, sitting by designation.